# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M. CARRASCO,<br><br>　　　　Respondent.<br>_____/ | 1:09-cv-01836-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 11] |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

　　On October 2, 2008, Petitioner was found guilty of violating of violating California Code of Regulations, title 3005(c)-battery on a peace officer and assessed a credit forfeiture of 150 days.

　　On March 24, 2009, Petitioner filed a state petition for writ of habeas corpus in the California Superior Court for the County of Kern. On May 26, 2009, the superior court denied the petition in a reasoned decision.

　　Petitioner then filed a state petition in the California Court of Appeal, Fifth Appellate District, which was denied on July 2, 2009, for lack of available documentary evidence.

---

[1] This information is derived from the state court records attached to Respondent's motion to dismiss, which are not subject to dispute.

1

Petitioner also filed a state petition in the California Supreme Court, which was summarily denied.

Petitioner filed the instant federal petition for writ of habeas corpus on October 20, 2009. Respondent filed the instant motion to dismiss on June 15, 2010, and Petitioner filed an opposition on July 22, 2010.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12. Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Exhaustion of State Judicial Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

///

1    A petitioner can satisfy the exhaustion requirement by providing the highest state court
2 with a full and fair opportunity to consider each claim before presenting it to the federal court.
3 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
4 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair
5 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
6 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
7 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
8 Additionally, the petitioner must have specifically told the state court that he was raising a
9 federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
10 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court
11 violated his due process rights "he must say so, not only in federal court but in state court."
12 Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is
13 insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.
14 Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance
15 that the "due process ramifications" of an argument might be "self-evident."); Gray v.
16 Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus
17 must include reference to a specific federal constitutional guarantee, as well as a statement of the
18 facts which entitle the petitioner to relief.").

19    Additionally, the petitioner must have specifically told the state court that he was raising
20 a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
21 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
22 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States
23 Supreme Court reiterated the rule as follows:

24    In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
      of state remedies requires that petitioners "fairly presen[t]" federal claims to the
25    state courts in order to give the State the "'opportunity to pass upon and correct
      alleged violations of the prisoners' federal rights" (some internal quotation marks
26    omitted). If state courts are to be given the opportunity to correct alleged violations
      of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
27    are asserting claims under the United States Constitution. If a habeas petitioner

28 ///

>wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

>Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
>In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner contends that his due process rights were violated because the hearing officer was biased, he was not allowed to call witnesses at the disciplinary hearing, and Lieutenant Noyce violated his due process rights by not allowing him to attend the disciplinary hearing. Log number 08-09-0412 refers to the disciplinary action for battery on Officer Flores, and the Court assumes that Petitioner's claims pertain to the October 2, 2008 disciplinary hearing.[2] Respondent argues that Petitioner did not raise the claim in the instant petition to the California Supreme Court, and the Court agrees. In the California Supreme Court petition, Petitioner alleged he was denied due process and equal protection of the laws because the cell extraction and resulting disciplinary action were a cover up for a sexual assault. Petitioner failed to alert the California Supreme Court to the fact that he was seeking relief because the hearing officer was biased or that he was not given the opportunity to present

---

[2] Petitioner claims there were two separate disciplinary actions in 2008 and cites "log number 08-09-0412 and log number 08-09-0325." However, there is only one 2008 disciplinary action-log number 08-09-0412. Log number 08-09-0325 is the crime/incident report that is associated with the disciplinary action (Log Number CCI-FA4A-08-09-0325).

4

witnesses at the 2008 disciplinary hearing.  In fact, the only reference to a biased hearing officer and exclusion of witnesses is made in relation to whether he sought institutional administrative review.  Petitioner did not present these claims as grounds for state habeas corpus relief, and he therefore did not fairly present them to the California Supreme Court for review and such claims are not exhausted. Furthermore, Petitioner's claim regarding Lieutenant Noyce is factually flawed.  Lieutenant Noyce was not the senior hearing officer at the 2008 disciplinary hearing; rather, he was the hearing officer for the subsequent disciplinary hearing held on January 17, 2009, because of Petitioner's battery on another peace officer (Log No. AS-08-04-002R), which is unrelated.  In any event, Petitioner did not present this claim to the California Supreme Court, and it too is unexhausted.  Therefore, all of the claims raised in the instant federal petition for writ of habeas corpus are unexhausted and the petition must be dismissed without prejudice.

C.      Failure to State Cognizable Claim Under Section 2254

Notwithstanding the failure to exhaust the state court remedies, Petitioner's challenge to the 2009 disciplinary action- Log No. AS-08-04-002R-is not cognizable under 28 U.S.C. § 2254.

On January 16, 2008, Petitioner was charged with battery on a peace officer without serious injury.  The original disciplinary decision was modified and a new disciplinary hearing was ordered.  On January 17, 2009 (Log No. AS-08-04-002R-unrelated to Log No. AS-08-09-0412), Petitioner was found guilty of battery on Officer Gallegos but was not assessed a credit forfeiture.  As a consequence, a favorable decision regarding the disciplinary action would have no effect on the duration of Petitioner's confinement.  See Young v. Kenny, 907 F.2d 874, 876-878 (9th Cir. 1990).  A habeas corpus petition is only proper to challenge the "legality or duration" of the inmate's confinement.  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  However, a habeas petition is not proper if the fact or duration of confinement is not implicated.  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Therefore, there is no relief that Petitioner can obtain by way of section 2254, and this claim should be dismissed.

///

///

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Respondent's motion to dismiss the instant petition be GRANTED; and

2.   The Court of Clerk be directed to dismiss the petition without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 4, 2010**           /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE